IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| H&H BRANDS, INC., a Wyoming Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MANNY RIVAS, a resident of California and ALEX AMADOR, a resident of California, collectively doing business as ALL AROUND SALSA,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22CV180-DAK-DBP<br><br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff H&H Brands, Inc.'s ("Plaintiff" or "H&H") Motion for Preliminary Injunction and on its Motion to Dismiss Counterclaims for Failure to State a Claim or, in the alternative, for a More Definite Statement. On January 5, 2023, the court held a hearing on the two motions. At the hearing, H&H was represented by Rand B. Bateman, and Defendant Manny Rivas ("Mr. Rivas" or "Defendant") was represented by Stephen L. Rinehart.[1] The court took the motions under advisement. After carefully considering the memoranda filed by the parties, the law and facts pertaining to the motions, and all the declarations attached to the memoranda related to the motions,[2] the court issues the following

---

[1] Defendant Alex Amador has not been served with the Complaint and is not a part of the litigation at this time.

[2] Mr. Rivas has objected to many statements contained in H&H's declarations supporting its motion for preliminary injunction, claiming they contain hearsay, but "[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

1

Memorandum Decision and Order granting Plaintiff's Motion for Preliminary Injunction and granting in part and denying in part Plaintiff's Motion to Dismiss Counterclaims.

**MOTION FOR PRELIMINARY INJUNCTION**

To prevail on a motion for a preliminary injunction, H&H must establish that four equitable factors weigh in its favor: (1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *Westar Energy, Inc. v. Lake,* 552 F.3d 1215, 1224 (10th Cir.2009). For the reasons set forth in Plaintiff's memoranda, the court finds that H&H Brands has established that each of the four factors weighs in its favor, and it is therefore entitled to its requested preliminary injunction.  Accordingly, it is hereby ordered that:

1. Mr. Rivas shall cease all use of H&H's trademarks, including H&H, 30 Second Salsa, and the cartoon characters displayed on H&H's products, including, but not limited to, the use of signs having H&H's trademarks thereon and the placement of H&H's products in his booth.

2. Mr. Rivas is hereby enjoined from representing to customers and potential customers that H&H is out of business or is going out of business.

3. Mr. Rivas is hereby enjoined from representing that Mr. John Hawkins has retired.

4. Mr. Rivas is hereby enjoined from representing to customers or potential customers that he has acquired H&H or any product line or portion of H&H's business.

5. Mr. Rivas is enjoined from representing to customers or potential customers that his salsa product is the same as or is based on the same recipe as H&H's product unless Mr. Rivas can document that his product is made by the same recipe as H&H's product.

6. Mr. Rivas is further enjoined from harassing the distributors of H&H and must stay at least 30 feet away from H&H's distributors and their booths at consumer shows and trade shows.

## MOTION TO DISMISS COUNTERCLAIMS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

H&H contends that Mr. Rivas's counterclaims each fail to state a claim because the counterclaims are too conclusory and lack specificity. Consequently, H&H argues, the claims should be dismissed, or in the alternative, Mr. Rivas should provide a more definite statement. While the three counterclaims are thin, they survive a motion to dismiss, with one exception: It is unclear what cause of action Mr. Rivas intended to assert in Count II. It is labeled "Trade Libel," which is generally a state law claim commonly known as "injurious falsehood," but Count II also cites a section of the Lanham Act, 15 U.S.C. § 1125, a federal claim. Mr. Rivas is directed to file an amended counterclaim, clarifying which cause of action he is asserting in Count II.

In addition, the court agrees with H&H that the third-party claim for personal liability against Mr. Hawkins fails to state a claim. Mr. Rivas has alleged only conclusory statements that parrot the elements of the claim, which is not sufficient to survive a motion to dismiss. If Mr. Rivas can—in good faith—assert factual allegations that support such a claim, he may file an amended third-party claim.

Accordingly, Count II of Mr. Rivas's counterclaims, along with Count IV (which is his third-party claim against Mr. Hawkins), are dismissed without prejudice. If Mr. Rivas chooses to amend these claims, he may do so on or before February 3, 2023.

## CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion for Preliminary Injunction [ECF No. 26]. The restrictions on Mr. Rivas's conduct are set forth above. In addition, Plaintiff's Motion to Dismiss Counterclaims (ECF No. 32) is granted in part and denied in part. Count II and Count IV (a third-party claim against Mr. Hawkins) are dismissed without prejudice, and Mr. Rivas may file amended claims on or before February 3, 2023.

DATED this 17th day of January, 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge